[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from an October 17, 1988 two-car collision in Naugatuck, Connecticut. Plaintiff was the operator of one vehicle which he owned. It was insured by the defendant Aetna Casualty and Surety Company. The other driver was Edward L. Moore. His "vehicle was not insured for bodily injury liability." Complaint, 5.
Plaintiff was covered under the uninsured coverage provision of the policy issued by the defendant, Aetna. . . ." Complaint, 6. That "policy provides for binding arbitration if the parties do not agree on an insured's entitlement to recover damages." Complaint, 7.
Plaintiff submitted a claim under the uninsured provision of the policy. Defendant did not dispute policy coverage. It did dispute the liability of Moore's responsibility for plaintiff's damages.
The parties submitted their dispute to the binding arbitration. The arbitrators heard the parties and their evidence on July 23 and August 3, 1992. On October 9, 1992, the award was rendered. It provided:
"ARBITRATORS' AWARD
 "After having heard the evidence and having examined the exhibits and briefs, a majority of the arbitrators find that although the claimant proved some negligence on the part of the uninsured motorist, the claimant's own negligence was greater than 50%, and therefore find the issues for-respondent. CT Page 6839
 /s/ Noel R. Newman Noel R. Newman
 /s/ Kevin R. Murphy Kevin R. Murphy "I respectfully dissent.
 /s/ John D. Jessup John D. Jessup"
Plaintiff has filed this action to vacate the arbitrator's award pursuant to C.G.S. 52-418 (A)(3) and (4). That statute provides in pertinent part:
 "52-418. Vacating award. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced: or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." [Underscoring added.]
A threshold, but perhaps dispositive, question is the scope or standard of the review to be made by the court. That turns on whether the arbitration is "voluntary" or "compulsory." Depending on that determination, the scope of review is markedly different. See American Universal Ins. Co. v. DelGreco, 205 Conn. 178 (1987).
The underinsured motorist coverage provisions of the policy here calls for binding arbitration. Complaint, 7.
The only statute applicable to the arbitration of uninsured motorist disputes is C.G.S. 38a-336. It provides in pertinent CT Page 6840 part:
 (c) Each automobile liability insurance policy issued on or after October 1, 1971, which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding. With respect to any claim submitted to arbitration on or after October 1, 1983, the arbitration proceeding shall be conducted by a single arbitrator if the amount in demand is forty thousand dollars or less or by a panel of three arbitrators if the amount in demand is more than forty thousand dollars. C.G.S. 38a-336 (c).
That section does not mandate arbitration for disputes such as this, i.e. the determination of the uninsured motorist's responsibility for the insured's injuries and the amount of the damages therefore. The statute only states that if a policy does require arbitration of such disputes, questions of policy coverage likewise must be resolved by arbitration.
The plaintiff says:
 "Connecticut General Statutes Section 38a-336
permits an insurance carrier to provide for arbitration in its policy but no such right is provided to an insured policy holder. An insured policy holder must take the printed policy of the insurance carrier. There is no option left to the insured. To suggest otherwise is to carry a legal fiction to an illogical and patently absurd conclusion. As in the instant case the limited recourse to arbitration is not voluntary and freely bargained for and therefore compulsory. Consequently an [Sic] de novo review of the interpretations an [Sic] application of the law by the arbitrators should be provided to the plaintiff." Memorandum of Law In Support of Plaintiff's Application To Vacate An Arbitrator's Award, December 11, 1992, p. 15.
Nor has plaintiff offered any proof that plaintiff was compelled to this particular policy from this particular insured. There is no evidence upon which the court could make the factual findings upon which plaintiff's claim of "compulsion" is based.[1]
Plaintiff cites no authority for his proposition that the CT Page 6841 circumstances he describes render the arbitration here "compulsory." The court has found none. The several cases of the Supreme Court and Appellate Court involving "compulsory arbitration" all involved arbitration required by statute.[2] No case states explicitly that "compulsory" means required by statute. The Supreme Court came close though in DelGreco when it said: "Nor can the courts, absent a statute, compel the parties to arbitrate those other matters. [Citations omitted.] American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 185 (1987). There the court also referred to "statutorily mandated arbitration awards, "compulsory arbitration statutes," and "statutory compulsory arbitration scheme." Id @ 188.
The court concludes that the arbitration here was not "compulsory" but rather "voluntary."
The court's review is therefore quite limited. The court reviews the submission and the award; if the award comes within the ambit of the submission, the arbitrators' award must be confirmed.
 "Thus, in determining whether an arbitrator has exceeded his authority or improperly executed the same under 52-418 (a), the courts need only examine the submission and the award to determine whether the award conforms to the submission. . . . [Citations omitted.] Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." [Citations omitted.] American Universal Ins. Co. v. DelGreco, 205 Conn. 178, 186 (1987).
The court has the award. See p. 2. No document labeled "Submission" or the like has been made a part of the record. The court assumes that the submission was for a determination of the "insured's [plaintiff's] entitlement to recover damages." Complaint, 7. The policy endorsement, "Uninsured Motorist Insurance" which provides for the arbitration was made a part of the record. Exhibit A to Defendant's Objection To Plaintiff's Application To Vacate An Arbitrator's Award. [103] Plaintiff has not contended or claimed that the award did not come within the submission.[3]
The award comes within the terms of the submission. CT Page 6842
The plaintiff's application to vacate the arbitrator's award is denied.
The defendant has moved for the confirmation of the award.
The arbitrators' award entered on October 9, 1992 is confirmed.
Parker, J.